UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH DANIELS<br>  Petitioner,<br>     v.<br><br>UNITED STATES OF AMERICA<br>  Respondent. | )<br>)<br>)  CIVIL NO. 03-30296-MAP<br>)<br>)<br>)<br>) |

GOVERNMENT'S OPPOSITION TO KEITH DANIELS' MOTION FOR
POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits the following opposition to Keith Daniels' ("Daniels") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

In sum, Daniels claims that he is entitled to relief pursuant to § 2255 because he received ineffective assistance of counsel when his attorney allegedly failed to pursue and preserve Daniels' claim of race-based selective prosecution. Daniels' motion should be summarily denied because it is facially inadequate. Moreover, even if this Court were inclined to consider Daniels' claim, he is not entitled to relief because the record shows that defense counsel fully litigated Daniels' claim of selective prosecution and, as set forth in this Court's Memorandum Regarding Daniels' Motion To Dismiss the Indictment for Selective Prosecution, Daniels failed to meet his burden of

showing that he was singled out for prosecution as a result of his race.

## Procedural Background

On June 14, 2001, a federal grand jury in Springfield, Massachusetts returned an eight-count superseding indictment charging Daniels and his co-defendant, Tyran Daniels, with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count One) and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts Two, Five, Six, Seven and Eight).[1]

On May 19, 1999, predecessor counsel for Daniels filed a motion for discovery and other relief related to selective prosecution. (Docket No. 172). The government opposed the motion. A hearing on the defendant's motion was held before U.S. Magistrate Judge Kenneth P. Neiman on July 9, 1999. (Docket No. 201). Thereafter, on September 10, 1999, the Magistrate Judge issued an order allowing Daniels' motion in part. (Docket No. 200). The government provided the court ordered discovery on October 20, 1999. (Docket No. 208).

Approximately one year later, on October 24, 2000, Daniels, who by this time had changed counsel, moved to dismiss the charges against him for selective prosecution. (Docket No. 266).

---

[1] The original indictment charging Daniels with similar narcotics offenses was dismissed.

2

This Court held a hearing on the motion on March 13, 2001. (Docket No. 283). Daniels' motion to dismiss was subsequently denied on April 12, 2001. (Docket No. 286).

Daniels and one co-defendant pleaded guilty to the superseding indictment on June 18, 2001. (Docket No. 339). The transcript of the guilty plea hearing confirms that the Court complied with the requirements under Fed. R. Crim. P. 11. (See transcript of plea hearing held on June 18, 2001, hereafter referred to as "Tr. p."). During the hearing, Daniels waived all of the rights received by defendants who choose to proceed to trial. (Tr. pp. 9-11). Daniels then confirmed that no one had threatened or forced him to plead guilty and that no promises relating to his sentence had been made to him. (Tr. p. 13). Specifically, the Court inquired: "Have you been told by anyone exactly what sentence I'm going to impose in the event that you plead guilty?" Daniels responded: "No your Honor." (Tr. p. 14). Daniels also confirmed that he was satisfied with his attorney's representation. (Tr. p. 17). After formally accepting Daniels' plea, this Court made the following findings:

> I find that the pleas of guilty are free
> of any coercive influence of any kind. I
> find that the guilty pleas are voluntarily
> made with full knowledge of the charges and
> the consequences of the pleas, and I find
> there have been no promises or threats of any
> kind made against either defendant or against
> either of their families or friends in any
> way, and that there's been no coercion of any

>      kind exerted upon them in order to manipulate
>      or pressure them into pleading.
>
>      Based upon all this, I order that the
>      pleas of the defendants Keith Daniels and
>      Tyran Daniels to the indicated counts of the
>      indictment be accepted and entered into the
>      records of the court.

(Tr. p. 39).

The Court subsequently sentenced Daniels to a 204-month term of imprisonment on all counts, to be served concurrently. (Docket No. 360). Daniels filed a timely notice of appeal and his conviction was affirmed in an unpublished summary order issued by the First Circuit Court of Appeals on August 22, 2002. Thereafter, on November 19, 2003, Daniels filed a pro se motion for post conviction relief.

### Argument

**I.   Daniels' § 2255 Motion Should Be Summarily Denied Because It Is Facially Inadequate**

In his § 2255 petition, Daniels claims that the Court should vacate his conviction because he received ineffective assistance of counsel. This Court should summarily dismiss this claim because it is directly contradicted by record. In addition, the record unequivocally demonstrates that Daniels' guilty plea was entered knowingly, intelligently and voluntarily.

The Court of Appeals for the First Circuit has explained the circumstances under which summary dismissal of a § 2255 motion is appropriate:

> Summary dismissal of a § 2255 petition is appropriate if it plainly appears from the face of the motion that the movant is not entitled to relief. Rule 4(b) of the rules Governing § 2255 Proceedings. While genuine issues of material fact may not be resolved without a hearing, a hearing is not required where a habeas motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and the records of the case . . . The court must take the allegations contained in the petitioner's motion as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact.

Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995) (citations and quotation marks omitted). Furthermore:

> [T]he district court can often 'test' the adequacy of accompanying factual allegations by assuming arguendo their truth, and then assessing their sufficiency in the light of the relevant constitutional standards and the record.

Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992)(citations and quotation marks omitted).

Daniels' chief complaint regarding his attorney's performance is that he failed to pursue Daniels' claim of selective prosecution. However, contrary to Daniels' assertion, counsel filed a detailed motion to dismiss the indictment on the basis that Daniels was unfairly singled out for federal prosecution due to his race. (See Docket No. 266). The motion included an extensive discussion of the facts and applicable law.

5

Counsel also asked for an evidentiary hearing. The Court's denial of the motion in no way reflects a failure on the part of defense counsel "to advance" Daniels' claim.

Daniels further argues that defense counsel failed to preserve the denial of his motion to dismiss for appellate review although he was allegedly asked to do so. However, other than his bald assertions, Daniels has not provided the Court with any credible information to support his claim. Daniels did not have a plea agreement nor did he seek to tender a conditional plea pursuant to Rule 11(a)(2). (Tr. p. 3). The plea colloquy reveals that the Court thoroughly explained the consequences of Daniels' guilty plea and that Daniels understood those consequences. The Court meticulously reviewed the rights that Daniels was giving up by pleading guilty. (Tr. pp. 9-11). During the entirety of the plea hearing Daniels never once indicated that he did not understand the proceedings. Nor did he make any inquiries regarding the possibility of preserving his selective prosecution claim. In short, Daniels has not presented any reason why this Court should find his current allegation that he wanted to preserve his selective prosecution claim credible. As a result, his petition should be summarily dismissed.

## II. **Daniels' Attorney Did Not Provide Ineffective Assistance**.

Daniels cannot meet the difficult burden of showing ineffective assistance of counsel. In order to establish a claim

of ineffective assistance of counsel, Daniels must prove both that (1) his counsel's conduct was deficient, and (2) he was prejudiced as a result of that deficient conduct. Strickland v. Washington, 466 U.S. 668, 687 (1984). The standards articulated in Strickland also apply when the defendant has pleaded guilty instead of going to trial.

In order to demonstrate deficient conduct under the Strickland standard, Daniels must prove that his counsel's conduct fell below an objective standard of reasonableness. Id. at 688. Due to the difficulties in making such evaluations, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Once the defendant has identified the acts or omissions alleged to be ineffective, the reviewing court "must reconstruct the circumstances of counsel's conduct and evaluate it from counsel's perspective at the time." Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984).

The second prong in the test set out by Strickland is that the assistance by counsel specified as ineffective must have prejudiced the petitioner in some way. Prejudice cannot be presumed because the government is not responsible for, is unable to prevent, and should not be held accountable for attorney errors. Strickland, 466 U.S. at 693. Under Strickland, a petitioner has been prejudiced only if, but for attorney error,

there is a reasonable probability that there would have been a different outcome. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>Lopez-Nieves v. United States</u>, 917 F.2d 645, 648 (1st Cir. 1990). See also <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985) (applying the <u>Strickland</u> test to challenges to guilty pleas based on ineffective assistance of counsel). The burden rests on the petitioner to show by a preponderance of the evidence that the errors were so serious as to have deprived him of a fair trial. <u>Strickland</u>, 466 U.S. at 693-96. See <u>Myatt v. United States</u>, 875 F.2d 8, 11 (1st Cir. 1989); <u>United States v. DiCarlo</u>, 575 F.2d 952, 954 (1st Cir. 1978). In this case, Daniels' argument fails on both prongs.

    1.   Counsel's performance was more than reasonable, it was exemplary.

Daniels argues that counsel performed deficiently by failing to fully pursue a claim of selective prosecution. Contrary to his assertion, counsel pursued the exact course that Daniels now claims was abandoned. Relying upon the voluminous court ordered discovery provided by the government in this case and others[2], counsel for Daniels moved to dismiss the indictment for selective

---

[2] The basis for Daniels' selective prosecution claim arose from discovery motions filed in <u>United States v. Michael Tuitt</u>, Cr. No. 98-30048-MAP and <u>United States v. Dennis Brown</u>, Cr. No. 98-30046-FHF. See Memorandum regarding Defendant's Motion to Dismiss Indictment for Selective Prosecution at pp. 2-5.

8

prosecution. The motion attempted to demonstrate that the U.S. Attorney's Office failed to prosecute similarly situated individuals of another race and that the U.S. Attorney's Office prosecuted Daniels because he was African American. Daniels also argued that the government had unfairly targeted his neighborhood, the Mason Square area of Springfield, for prosecution because the neighborhood was predominately black.

In denying Daniels' motion, this Court stated that Daniels had not "refuted the justifications for prosecuting [him] federally, which are amply supported by the evidence." (See Memorandum p. 9). Those justifications included Daniels' extensive criminal record, his propensity for violence and the quantity of drugs involved in the offense. (See Memorandum p. 9). In addition, the Court found that the government's focus on prosecuting drug dealers from the Mason Square area was prompted by a number of legitimate non-discriminatory reasons. (See Memorandum pp. 9-10). The Court also explained that because Daniels presented no evidence that he was "similarly situated to persons not prosecuted," (See Memorandum p. 8) he had failed to meet his burden under United States v. Armstrong, 51 U.S. 456, 464 (1996). In other words, this Court found that Daniels failed to prove that the government's enforcement techniques "had a discriminating effect." Id.

The gravamen of Daniels' ineffective assistance claim relates to the Court's finding that he failed to present evidence that similarly situated defendants of another race were not prosecuted. Daniels argues that such evidence existed and blames his lawyer for not presenting that evidence to the Court. The evidence Daniels relies upon consists of discovery material initially provided by the government to a defendant in another case, <u>United States v. Dennis Brown</u>.[3] However, as discussed below, Dennis Brown's ("Brown") selective prosecution claim was before this Court at the same time Daniels was pursuing his claim.

Dennis Brown was indicted by a federal grand jury for narcotics offenses on December 19, 1998. He was arrested as part of a state drug investigation conducted in Franklin County. Two of Brown's co-conspirators, Vincent Renaud ("Renaud") and Gary Gauthier ("Gauthier"), were also arrested by state law enforcement officials. Renaud and Gauthier are Caucasian. Brown is African American. Neither Renaud or Gauthier were prosecuted federally.

Brown, like Daniels, sought pre-trial discovery on his claim of selective prosecution. After initial discovery was provided,

---

3 <u>United States v. Dennis Brown</u> was assigned to the Honorable Senior Judge Frank H. Freedman, Cr.No. 98-30046-FHF However, Brown's discovery motions relating to his selective prosecution claim were transferred to this Court on February 25, 2000. (Docket No. 60).

Brown sought additional discovery on the basis that the government's failure to prosecute Renaud and Gauthier indicated that similarly situated white defendants were treated differently from him. The government opposed Brown's motion. In its opposition to Brown's motion for additional discovery, the government explained that Renaud and Gauthier were not similarly situated to Brown. (The government's memorandum is attached as Exhibit A). The government noted that the most important distinction between Brown and Renaud and Gauthier was their criminal records. Unlike Brown, neither Gauthier nor Renaud had previously been convicted of a drug distribution crime, a violent crime and a firearms violation. (See Exhibit A, pp. 1-3). In addition, neither Gauthier or Renaud was presented to the U.S. Attorney's Office for possible prosecution. (See Exhibit A, p.3).

Brown's motion for additional discovery was denied in part by Magistrate Judge Kenneth P. Neiman on January 24, 2000. Thereafter, Brown asked this Court to reconsider the Magistrate Judge's Order. In a written order issued on September 19, 2000, this Court denied Brown's motion for reconsideration. (Docket No. 69). Although Daniels' motion to dismiss does not explicitly discuss the Brown prosecution, Daniels' assumption that this Court was unaware of the discovery pertaining to Brown's selective prosecution claim is unfounded. Not only had the Court

reviewed Brown's request for discovery one month earlier, but the Court specifically referred to the <u>Brown</u> case in its memorandum regarding Daniels' motion to dismiss. (See Memorandum, p. 4).

Even assuming that the evidence regarding the prosecution of Brown, Renaud and Gauthier was never brought to this Court's attention, Daniels cannot prevail because neither Renaud or Gauthier were similarly situated to Daniels. First there is a vast difference in the seriousness of Daniels' criminal record compared to Renaud and Gauthier. Second, neither Renaud or Gauthier were presented to the U.S. Attorney's Office for prosecution. Third, Daniels' arrest was the result of a federal investigative focus in the Mason Square area. By contrast, Renaud and Gauthier were arrested by state authorities as part of a state investigation conducted in Franklin county.

Similarly unavailing is Daniels' claim that counsel should have preserved his selective prosecution claim for appellate review. Even assuming that Daniels had instructed counsel to do so, there is no basis for inferring that the government would have agree to a conditional plea especially where, as here, the defendant pled guilty on the day of trial. (Tr. p. 2). Furthermore, on the record before the Court, Daniels cannot show that counsel's alleged ineffectiveness affected the outcome of the plea process or his appeal. This is not a situation where defense counsel fails to file a motion of appeal, cf. <u>Bonneau v.</u>

<u>United States</u>, 961 F.2d 17 (1st Cir. 1992). Nor does Daniels argue that but for the failure to preserve his selective prosecution issue, he would not have pleaded guilty. Thus, even if Daniels could show that his counsel acted unreasonably, he has failed to establish any prejudice.

CONCLUSION

For the reasons stated above, Daniels' motion pursuant to 28 U.S.C. § 2255 should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Ariane D. Vuono
Ariane D. Vuono
Assistant U.S. Attorney

Dated: March 17, 2004

CERTIFICATE OF SERVICE

Hampden, ss.                    Springfield, Massachusetts
                                March 17, 2004

I, Ariane D. Vuono, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mail on Keith Daniels, Prisoner No. 90462-038, FCI Ray Brook, Ray Brook, NY 12977.

/s/ Ariane D. Vuono
Ariane D. Vuono
Assistant U.S. Attorney