UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTES

KEITH DANIELS,
  Petitioner/Appellant,

vs.

Docket # 01-2602

UNITED STATES OF AMERICA,
  Respondent

03CV30296-MAP

### APPELLANT'S REQUEST FOR CERTIFICATE OF APPEALABILITY

Petitioner/Appellant, Keith Daniels, pro se and indigent, appeals from the District Court's Final Judgment denying relief under 28 U.S.C. §2255, hereby requesting the court issue a certificate of appealability on the constitutional claims presented below. In support thereof, Appellant Keith Daniels states and avers to the following:

### I. JURISDICTION

The District Court had jurisdiction over this matter under 28 U.S.C. §2255. This Court has jurisdiction to entertain a request for a certificate of appealability (C.O.A.) pursuant to 28 U.S.C. §2253 and Rule 22 of the Federal Rules of Appellate Procedure.

### II. PROCEDURAL BACKGROUND

On October 26, 1998, Appellant Keith Daniels was arrested on a nine count indictment charged under 21 U.S.C. 841(A) along with five co-defendants. On June 14, 2001 the indictment was superseded. A new indictment alleged that Petitioner and another man as defendants to eight counts violation of 21 U.S.C. 846/Conspiracy to Possess with Intent to Distribute Cocaine Base and several violations of

21 U.S.C. 841/Substantive Distribution of the same.

On June 18, 2001, Petitioner plead guilty without the benefit of any plea agreement to one count of conspiracy under 846 and five counts of 841/Distribution (Posner).

On October 23, 2001, Petitioner was sentenced to 204 months imprisonment, five years supervised release and financial sanctions (Posner).

Petitioner submitted a notice of appeal, and on August 22, 2002, a panel of the United States Court of Appeal for the First Circuit affirmed the judgment.

On November 19, 2003, Petitioner filed a timely motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, along with Memorandum in Support.

On August 18, 2004, Petitioner filed a motion pursuant to F.P. App. R. 28(j) supplementary to amend Petitioner's §2255 motion.

On September 13, 2004, the motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 was denied, and as a result the Petitioner presently requests a C.O.A. from the District Court.

The Petitioner's supplementary motion to amend F.P.App.R 28(j) was returned without action.

### III. STATEMENT OF FACTS

On May 19, 1999, Predecessor Counsel for Petitioner filed a Motion for Discovery and other related selective prosecution (Docket No. 172). The Court opposed the motion, and a hearing was held before U.S. Magistrate Judge Kenneth P. Neiman on July 9, 1999 (Docket No. 201). Thereafter on September 10, 1999, the Magistrate Judge issued an order allowing the Petitioner's motion in part (Docket No. 200). The Government provided the Court Ordered Discovery on October 20,

1999 (Docket No. 208). Approximately one year later, on October 24, 2001, the Petitioner who by this time had changed counsel to move to dismiss the charges against the Petitioner for selective prosecution (Docket No. 266). The Court held a hearing on the Motion on March 13, 2001 (Docket No. 283). The Petitioner's motion to dismiss was denied on April 12, 2001 (Docket No. 286).

### IV. STAND FOR CERTIFICATE OF APPEALABILITY

A C.O.A. may issue only upon the substantial showing of the denial of a constitutional right, 28 U.S.C. §2253(C)(2). A Petitioner satisfies this standard by demonstrating the jurist of reason could disagree with the District Court resolution of the constitutional claims or that the jurist could conclude the issues presented are adequate to deserve encouragement to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Section §2253(C)(3) requires that the C.O.A. shall indicate which specific issue or issues satisfy the showing required by Paragraph (2), Paradise v. DuBois, 188 F.Supp. 2d 4,8 (2001).

Essentially §2255 is a codification of the certificate of probable cause standard announced in Barefoot v. Estelle, 463 U.S. 880 (1983); Slack v. McDaniel, 529 U.S. 473, 483 (2000). This is a modest standard considering a Petitioner need not show that he should prevail on the merits considering [h]e has already failed that endeavor, Barefoot, 463 U.S. at 893 n.4. To that end, the threshold inquiry does not require full consideration of the factual or legal bases adduced or for that matter, that the appeal will succeed. Miller-El, 537 U.S. at 336. In fact it is consistent with §2253 that a C.O.A. will issue in some instances where there is no certainty of ultimate

3

relief.

When a District Court has denied the §2255 constitutional claims on the merits, the showing required to satisfy §2255 is straightforward in that a Petitioner need only demonstrate that reasonable jurist would find the District Court assessment of the Constitutional Claims debatable or wrong. <u>Slack</u>, 529 U.S. at 483. Indeed because the decision whether to issue a C.O.A. is a "threshold inquiry", the question is the debatability of the underlying constitutional claim, not the resolution of the debate, <u>Miller-El</u> at 342. Therefore, this Court should avoid reweighing the merits, apply the more lenient standard for granting a C.O.A., and resolve any doubts whether the C.O.A. standard has been met in favor of Petitioner. <u>Smith v. U.S.</u>, 989 F. Supp. 371 (D.Mass. 1997).

The Petitioner submits that he meets this standard.

### V. ISSUES REQUIRING C.O.A.

**A. COUNSEL WAS INEFFECTIVE FOR NOT PRESENTING EVIDENCE OF DISCOVERY NECESSARY DURING ORAL ARGUMENTS FOR DISMISSAL FOR SELECTIVE PROSECUTION AND WAS SUBSEQUENTLY CONSTITUTIONALLY DEFICIENT REPRESENTATION**

This failure and neglect made it impossible for the Court to make a vital comparison of the Petitioner and of the white drug offenders in the same district. Counsel neglected at a very crucial moment to present evidence to the Court that was the focal point and basis of the arguments and motion and question the prosecutor on his actions in front of the Court and fully address the core of this issue of why the prosecution chose to prosecute Petitioner and not those individuals of similarly situated race. The counsel's decision not to present this "clear and convincing evidence to the contrary", <u>U.S v. Armstrong</u>, 517 U.S. 465, quoting <u>Chemical Foundation</u>, supra at 14-15, 71 L.Ed

4

131, 47 S.Ct. 1. Necessary materials needed to overcome the burden and presumption of selective prosecution when the Petitioner asked counsel repeatedly undermined the Petitioner's motion entirely. This omission was a grave error which deprived the Petitioner of his only viable defense. Depriving a criminal defendant of his only viable defense certainly renders the trial fundamentally unfair or reliable as demanded by Lockhart. Tejeda v. Dubois, 142 F.3d 18, 25 (1st Cir. 1998), quoting Lockhart v. Fretwell, 506. U.S. 364, 369. "The Petitioner's claim of ineffective assistance of counsel turns on the two prong test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, the Petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance", Id. at 690, 104 S. Ct. 2052. Second, the Petitioner must show that counsel's performance prejudiced him. See Id. at 694, 104 S.Ct. 2052. To do this, the Petitioner must demonstrate a reasonable probability that "but for counsel's unprofessional errors, the result of the proceedings would have been different", Id. A "reasonable probability" is defined as " a probability sufficient to undermine confidence in the outcome". The reviewing Court must consider whether the result of the proceeding was fundamentally unfair, Currier v. U.S., 160 F.Supp. 2d 159 (D. Mass 2001), quoting Scarpa v. DuBois, 38 F.3d 1,16 (1st Cir. 1994), quoting Lockhart v. Ratwell, 506 U.S. 364, 369 (1993); Ouber v. Guarino, 293 F.3d 19, 25, 26.

The Petitioner selective prosecution claim was assessed by the Court under United States v. Armstrong, 517 U.S. 456, 464 (1996). As the Court noted:

> In order to dispel the presumption that a prosecutor has not violated equal protection a criminal defendant

5

  must present clear evidence to the contrary
[517 U.S. at] 465.

Order, April 12, 2001. U.S. v. Daniels, 142 F.Supp. 2d 140, 144 (D. Mass 2001). Clear evidence of similarly situated defendants of other races was not prosecuted would include some analysis of how the defendants in this case are similarly situated to persons not prosecuted. To be sure, the inquiry does not require defendants to be identically situated, but there must be clear evidence of similarity. See Tuitte, 68 F.Supp. 2d at 14-15. Such evidence would include comparison, for example, of the amounts of crack involved in cases with white defendants. Their criminal histories, propensity for violence, and any other factors that might justify the higher sentences if they were prosecuted in Federal Court.

  Defendants have presented no such evidence here. On this record, the Court cannot compare the level of culpability of these defendants and any state prosecuted (or wholly unprosecuted) white that may exist. As the Government points out, defendants have failed to identify even one white crack offender whom they consider similarly situated to themselves.

  Here as the record indicates, the Courts primary reason for denying the Petitioner's selective prosecution claim was his failure "to identify even one crack offender whom [he] consider[s] similarly situated to [himself]." Order April 12, 2001 at 8.

  This point is very important because the Petitioner did in fact identify similarly situated individuals compared to himself. A Mr. Vincent Renaud and a Mr. Gary Gouthier, who were arrested and charged in state court, both of whom are white along with a Mr. Dennis Brown who is black, but Mr. Dennis Brown was the only one accepted and prosecuted federally. But the Petitioner's counsel who possessed

6

this information failed to present this information in open Court during oral arguments for Dismissal of the Indictment. This omission prejudiced the Petitioner and violated the Petitioner's Sixth Amendment Right to effective assistance of counsel.

The Petitioner claims that the District Court had not given full consideration to the substantial evidence which the Petitioner had put forth, Miller-El v. Cockrell, 537 U.S 322. Support of Prima Facie case of selective prosecution with respect to the evidence which compelled the District Court Magistrate Neiman to grant Discovery.

This issue appears to be a case of first impression in the First Circuit. Every other case that was before the Courts in the First Circuit that filed a motion for dismissal of the indictment for selective prosecution was denied their request for discovery. But in the Petitioner's case Discovery was ordered by Magistrate Judge Neiman after the Petitioner made a showing of a Prima Facie case of selective prosecution, which then the burden shifts to the Government to explain its selection process.

This constitutional issue is debatable and adequate to deserve encouragement to proceed further. Accordingly, this Court should find the Petitioner has made a substantial showing of a constitutional rights violation, and issue a C.O.A. in this case.

The Petitioner submits that in light of the above, jurists of reason would find that the District Court's assessment of the constitutional error is debatable or wrong. Jurists of reason would also find that absent defense counsel's ineffectiveness, the District Court's assessment of the underlying constitutional claim was either debatable or wrong.

B. **COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR NOT PROPERLY ADVANCING AND PRESERVING CLAIM OF RACE-BASED SELECTIVE PROSECUTION OR ANY OTHER CLAIMS FOR DIRECT APPELLANT REVIEW**

Petitioner's counsel failed to properly preserve and advance the claim of race-based selective prosecution even though Petitioner requested counsel to appeal. Petitioner believed that the race-based claim was filed for an appeal. On Direct Appeal counsel filed an Anders brief under Anders v. California, 386 U.S. 738 (1967) on December 27, 2001. The Court denied the Anders brief without prejudice to refiling in compliance with Local Rule 46.6(a)(1)(2) or (3). The Petitioner was never sent a "form selection of counsel on appeal" under Local Rule 46.6 (D). The Petitioner was never given counsel for his direct appeal.

The Due Process of the Sixth Amendment guarantees that the accused shall " have the assistance of counsel for his defense". The plain wording of this guarantee thus encompasses counsel assistance whenever necessary to assure meaningful "defense", Bonneau v. U.S, 961 F.2d 17, 19, 20 (1st Cir. 1992), quoting U.S. v. Wade, 388 U.S 218 (1967). See Powell v. Alabama, 287 U.S. 45, 69 (1932)(Criminal defendants "require the guiding hand of counsel at every step in the proceeding against him"); Coleman v. Alabama, 399 U.S. 1,7 (1970).

In Evitts v. Lucey, 469 U.S. 387 (1985), the Court held that the Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the right to effective assistance of counsel on appeal. The Court stated:

In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its drastic loss of liberty, is unlawful. To prosecute the appeal,

8

a criminal appellant must face an adversary proceeding that, like a trial, is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant, like an unrepresented defendant at trial, is unable to protect the vital interest at stake. Bonneau v. U.S., 17, 20 (1st Cir. 1992), quoting...

The Petitioner's attorney Mr. David Wenc filed a notice of appeal then after filed an Anders brief wishing to withdraw, the Court denied counsel's Anders brief motion for lack of appliance.

The Petitioner's attorney never filed any briefs, arguments in support of the Petitioner's appeal, only stating that I may proceed pro-se, never informing the Petitioner that I had any right to a lawyer for my direct appeal, only that I could defend myself.

"The constitutional requirements of substantial equality and fair process can only be attained where counsel acts in behalf of his client, as opposed to that of Amicus Curiae...[his role as an advocate requires that he support his client's appeal to the best of his ability], U.S. v. Pena-Gonzalez, 62 F.Supp. 2d 358, 365 (D. Puerto Rico 1999), quoting Anders v. California, 386 U.S. 738 (1967).

Jurist of reason would find it debatable whether defense counsel was ineffective for not properly advancing and preserving claim of race-based selective prosecution or any other claims for direct appellant review and issue a C.O.A. in this case.

The Petitioner submits that in light of the above, jurists of reason would find that the District Court's assessment of the constitutional error is debatable or wrong. Jurists of reason would also find that absent defense counsel's ineffectiveness, the District Court's assessment of the underlying constitutional claim was either debatable or wrong.

9

## **CONCLUSION**

For the reasons expressed above, the Court should grant a certificate of Appealability on all the issues presented.

I declare under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. 1746. Executed on January 18, 2005.

Respectfully submitted,

*Keith Daniels*
Keith Daniels, Pro Se
Reg. No. 90462-038
FCI Loretto
P.O. Box 1000
Loretto, PA  15940-1000

**CERTIFICATE OF SERVICE**

I hereby certify under the penalty of perjury (28 U.S.C. 1746), that a true and correct copy of Appellant's request for Certificate of Appealability was mailed to Ariane D. Vuono, Assistant U.S. Attorney, United States Attorney's Office, 1550 Main Street, Springfield, Mass., 01103, by placing the same in the Prison's Legal Mail Box at FCI Loretto, on this 18th Day of January, 2004.

*Keith Daniels*
Keith Daniels, Pro Se

```
                                        Keith Daniels
                                        Fed. Reg. No. 90462-038
                                        FCI Loretto
                                        P.O. Box 1000
                                        Loretto, PA  15940-1000
```

January 18, 2005

Office of the Clerk
United States Courthouse
1550 Main Street
Springfield, Mass.  01103

**RE: KEITH DANIELS vs. U.S.A.**
         Docket No. 01-2602

   Enclosed, for filing, please find the original and one (1) copy of Appellant's request for certificate of appealability in the above referenced case.

   Please return the one copy of the request, stamped as filed in the S.A.S.E. provided.

   Thank you in advance for your valued time and assistance in this matter.

                                        Respectfully,

                                        *Keith Daniels*

                                        Keith Daniels